```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
VINCENT WILLIAMS,                       :
                                        :
                    Plaintiff,          :    18cv7070 (DLC)
         -v-                            :
                                        :    OPINION AND ORDER
NATIONAL RAILROAD PASSENGER             :
CORPORATION (AMTRAK), AMTRAK POLICE     :
OFFICER Y. SANTIAGO (Badge No. 307),    :
in his Official and Individual          :
Capacities, AMTRAK POLICE OFFICER W.    :
GONZALEZ(Badge No. 301), in his         :
Official and Individual Capacities,     :
AMTRAK POLICE OFFICER JOHN DOE NO. 1    :
an as yet unidentified AMTRAK Police    :
Officer in his Official and Individual  :
Capacities,                             :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiff:
Joel Martin Gluck
305 Broadway, Suite 1427
New York, New York 10007

For the Defendants:
Ronald E. Joseph
Angelica A. Cancel
Landman Corsi Ballantine & Ford P.C.
120 Broadway, 13th Floor
New York, New York 10271

DENISE COTE, District Judge:

    Defendants National Railroad Passenger Corporation ("Amtrak"), Amtrak Police Officer Santiago ("Santiago") and Amtrak Police Officer Gonzalez ("Gonzalez") (collectively,

"Defendants") have moved for summary judgment on the claims asserted against them by plaintiff Vincent Williams ("Plaintiff" or "Williams"). That motion is granted.

### **Background**

The following facts are undisputed or taken in the light most favorable to the Plaintiff, unless otherwise noted. On August 6, 2015, a minor (the "Complainant") approached Officer Santiago and alerted her that an African-American male had followed him into the men's restroom located on the Amtrak level of Penn Station, entered an adjoining bathroom stall, "peeped" into the stall occupied by the Complainant, and took pictures of the Complainant using a cell phone. Officer Santiago called her partner, Officer Gonzalez, to respond to the scene. In the presence of both officers, the Complainant identified Williams as the perpetrator as he exited the men's restroom.

Gonzalez approached Williams and asked him to accompany him to the Amtrak Police Department Command Center, located nearby. Williams complied, followed Gonzalez to the Command Center, and was placed in a holding area. Gonzalez explained to Williams that he had been accused of taking photographs of the Complainant and asked to see Williams' cell phone. Williams handed over the cell phone and signed a consent form allowing Gonzalez to perform the search. That search revealed no photographs of the Complainant. Gonzalez then contacted the

2

Early Case Assessment Bureau of the Manhattan District Attorney's Office ("ECAB") to ask whether Williams should be charged with a crime. ECAB advised Gonzalez that Williams should not be charged, and Williams was released from custody.

The entire incident lasted approximately seventy-five minutes. Williams entered the holding area at approximately 10:45 a.m, and was released at approximately 12:00 p.m. During the time that Gonzalez was on the telephone with ECAB, Williams was handcuffed pursuant to Amtrak policy.

## Discussion

A motion for summary judgment may not be granted unless all of the submissions taken together "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 113 (2d Cir. 2017) (citation omitted). The moving party bears the burden of demonstrating the absence of a material factual question. Gemmink v. Jay Peak Inc., 807 F.3d 46, 48 (2d Cir. 2015). In making this determination, the court must "view the evidence in the light most favorable to the party opposing summary judgment" and "draw all reasonable inferences

3

in favor of that party." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

Once the moving party has asserted facts showing that the non-movant's claims or affirmative defenses cannot be sustained, the party opposing summary judgment "must set forth specific facts demonstrating that there is a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (citation omitted). "[C]onclusory statements, conjecture, and inadmissible evidence are insufficient to defeat summary judgment," Ridinger v. Dow Jones & Co. Inc., 651 F.3d 309, 317 (2d Cir. 2011) (citation omitted), as is "mere speculation or conjecture as to the true nature of the facts." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Only disputes over material facts will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

I. False Imprisonment

"False arrest and false imprisonment are largely synonymous." Jenkins v. City of New York, 478 F.3d 76, 88 n.10 (2d Cir. 2007) (citation omitted). In assessing Fourth Amendment claims of false arrest or imprisonment brought under Section 1983, courts look to the law of the state in which the arrest occurred. Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007). A false arrest claim under New York law

requires a plaintiff to prove "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Wright v. Musanti, 887 F.3d 577, 587 (2d Cir. 2018). While "neither actual malice nor want of probable cause is an essential element" of an action for false imprisonment, "the defendant may establish probable cause as an absolute defense to the action." Id.

An officer "has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (citation omitted). "Probable cause is determined on the basis of facts known to the arresting officer at the time of the arrest." Shamir v. City of New York, 804 F.3d 553, 557 (2d Cir. 2015) (citation omitted).

"A law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." Fabrikant v. French, 691 F.3d 193, 216 (2d Cir. 2012) (citation omitted). There is no duty imposed on an arresting officer "to investigate exculpatory defenses offered by the person being arrested or to assess the

credibility of unverified claims of justification before making an arrest." Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003). Once an officer learns of facts that can establish a defense eliminating probable cause, such as acting in self defense, an officer may not "deliberately disregard facts known to him which establish justification." Id. at 136. But, "[p]robable cause does not necessarily disappear simply because an innocent explanation may be consistent with facts that an officer views as suspicious." Figueroa v. Mazza, 825 F.3d 89, 102 (2d Cir. 2016) (citation omitted). Further, to sustain a claim for false arrest, "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006).

Williams's state and federal false imprisonment claims fail because there was probable cause for his detention. Williams was identified by a complaining victim as the alleged perpetrator of a criminal act. In the absence of circumstances giving rise to doubts about the veracity of the complaint, this identification was sufficient to establish probable cause for his arrest. The undisputed facts do not suggest that there was any reason for Officers Santiago and Gonzalez to doubt the

veracity of the Complainant's account or his identification of Williams as the perpetrator.

Williams contends in opposition that several circumstances should have cast doubt on the Complainant's credibility, including the fact that the floor of the Penn Station men's room is frequently wet and dirty, and there is no testimony in the record suggesting that Williams' cloths were wet or dirty. Williams also contends that he is disabled and would have been unable to bend down to peek under the bathroom stall. Williams has not, however, offered any admissible evidence of his physical condition or the condition of the bathroom floors at the time of the incident. Moreover, even if supported by admissible evidence, these facts would not be sufficient to defeat the existence of probable cause. Probable cause is determined on the basis of facts known to the officer at the time of arrest. The facts known to Gonzalez and Santiago at the time of arrest were sufficient to establish probable cause. The circumstances that Williams asserts cast doubt on the complaining witness's veracity are either speculative or would not have been known to the officers at the time of the arrest.

II. Excessive Force

Count Three of the Complaint asserts a claim under Section 1983 for "assault and battery." This is essentially a claim for excessive use of force. See Posr v. Doherty, 944 F.2d 91, 94-95

7

(2d Cir. 1991). Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is "objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation." Jones v. Parmley, 465 F.3d 46, 61 (2d Cir. 2006) (citation omitted). This objective inquiry is "case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010). Courts must consider the following factors when conducting this balancing inquiry:

> (1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight.

Id. This balancing, however, requires the Court to "evaluate the record from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id.

Williams's excessive force claim under the Fourth Amendment and Section 1983, which he characterizes as an assault and battery claim, is dismissed. There is no evidence in the record that any force was used at all, or indeed that either officer ever touched Williams, apart from the de minimis amount of physical contact necessary to place him in handcuffs while he

8

was briefly left alone in the holding area at the Amtrak Police Command Center. Williams has testified in his deposition that Gonzalez treated him with courtesy, did not manhandle him in any way, and did not hurt him.

III. Claims Against Amtrak

Williams seeks to hold Amtrak liable under Section 1983 for the actions of Officers Gonzalez and Santiago.[1] "Section 1983 imposes liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights." Okin v. Village of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir.2009) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). To prevail on such a claim, "a plaintiff must demonstrate both an injury to a constitutionally protected right and that the injury was caused by a policy or custom of the municipality or by a municipal official responsible for establishing final policy." Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (citation omitted). Because, as discussed above, Williams cannot show injury to any

---

[1] The parties did not address whether Amtrak is subject to suit under § 1983. Because Williams has failed to state a claim for any constitutional violation, this issue need not be further explored for the purposes of this motion. See Chunn v. Amtrak, 916 F.3d 204, 207 (2d Cir. 2019) (assuming without deciding that Amtrak is subject to suit under § 1983).

9

constitutionally protected rights, his Section 1983 claim against Amtrak fails.

Williams also asserts claims against Amtrak for negligent hiring and negligent training and supervision. To maintain such a claim under New York law, a plaintiff must show that the employee acted "outside the scope of her employment." Velez v. City of New York, 730 F.3d 128, 136-37 (2d Cir. 2013) (citation omitted). Otherwise, the employer "may be held liable for the employee's negligence only under a theory of respondeat superior." Id. at 137. Here, Williams has made no argument or showing that Santiago or Gonzalez acted outside the scope of their employment. Further, he has failed to allege any cognizable underlying injury. These claims are therefore dismissed.

## **Conclusion**

The Defendants' April 19 motion for summary judgment is granted. The Clerk of Court is directed to enter judgment for the Defendants and close this case.

Dated: New York, New York
July 9, 2019

_____
DENISE COTE
United States District Judge