```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                          :
VINCENT WILLIAMS,                         :
                                          :
                         Plaintiff,       :        18cv7070 (DLC)
                                          :
          -v-                             :        MEMORANDUM OPINION
                                          :           AND ORDER
NATIONAL RAILROAD PASSENGER               :
CORPORATION (AMTRAK), AMTRAK POLICE       :
OFFICER Y. SANTIAGO (Badge No. 307),      :
in his Official and Individual            :
Capacities, AMTRAK POLICE OFFICER W.      :
GONZALEZ (Badge No. 301), in his          :
Official and Individual Capacities,       :
AMTRAK POLICE OFFICER JOHN DOE NO. 1      :
an as yet unidentified AMTRAK Police      :
Officer in his Official and Individual    :
Capacities,                               :
                                          :
                         Defendants.      :
                                          :
---------------------------------------- X
```

APPEARANCES:

For the Plaintiff:
Joel M. Gluck
305 Broadway, Suite 1427
New York, New York 10007

For the Defendants:
Angelica A. Cancel
Ronald E. Joseph
Landman Corsi Ballaine & Ford P.C.
120 Broadway, 13th Floor
New York, New York 10271

DENISE COTE, District Judge:

Plaintiff's counsel, Joel M. Gluck, has moved for

reconsideration of the Court's July 30, 2019 Opinion (the "July

30 Opinion"), which granted defendants' motion for discovery

sanctions and ordered Mr. Gluck to pay the expert fees that defendants incurred in examining two cell phones.  The July 30 Opinion is incorporated by reference, and familiarity with it is assumed.  See Williams v. Nat'l R.R. Passenger Corp. (Amtrak), No. 18CV7070 (DLC), 2019 WL 3423267 (S.D.N.Y. July 30, 2019).  For the reasons that follow, Mr. Gluck's motion for reconsideration is denied.

First, the motion is untimely.  Local Civil Rule 6.3 requires that any motion for reconsideration be served within fourteen days after the entry of the Court's determination of the original motion.  The decision on defendants' motion for sanctions issued on July 30, 2019.  Plaintiff's counsel filed his motion for reconsideration of that decision on August 27, 2019 -- fourteen days after the Rule 6.3 deadline expired.  The untimeliness of a motion for reconsideration is reason enough to deny it.  See Cyrus v. City of N.Y., No. 06 CV 4685, 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases); Farez-Espinoza v. Napolitano, No. 08 Civ. 11060, 2009 WL 1118098, at *2 (S.D.N.Y. Apr. 27, 2009) (collecting cases).

Second, plaintiff's counsel has submitted a declaration in support of the motion for reconsideration without being directed to do so by the Court.  This too is prohibited by Local Civil Rule 6.3 ("No affidavits shall be filed by any party unless directed by the Court.").  Insofar as Mr. Gluck's arguments

depend on factual assertions supported only by his new declaration, the Court declines to consider them.  See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 108 n.2 (2d Cir. 2006) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local rules." (citation omitted)).

Third, plaintiff's counsel has not satisfied the substantive standard for granting a motion for reconsideration. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.

2009) (citation omitted).  The standard for granting a motion

for reconsideration is "strict."  <u>Analytical Surveys</u>, 684 F.3d

at 52.

Plaintiff's counsel argues that payment of defendants'

expert fees is an inappropriate sanction because defendants

always intended to have an expert examine the plaintiff's cell

phone; and therefore that plaintiff's failure to produce the

correct cell phone was not the cause of the expert fees.  As the

Court found in the July 30 Opinion, plaintiff's counsel made

misrepresentations about the phones he produced, which caused

the defendants significant costs.  The examination of the phones

that defendants' expert conducted was not the substantive one

that they desired to defend the merits of the case; instead, the

defendants incurred expert fees for determining when the phones

were manufactured and used.  That inquiry was made necessary by

the confusing representations of Mr. Gluck about whether the

phones he produced were in plaintiff's possession at the time of

the events that gave rise to this suit.  Payment of the expert's

fees was thus a proper sanction.

Plaintiff's counsel further argues that the cell phone

sought by defendants was not relevant, that any noncompliance

was not willful, and that the duration of any noncompliance was

insignificant.  The Court addressed these arguments in its July

30 Opinion.  Plaintiff's counsel is not entitled to a second

bite at the apple.  Mr. Gluck's August 27, 2019 motion for

reconsideration is denied.

Dated:    New York, New York
          October 15, 2019

                              _____
                                      DENISE COTE
                            United States District Judge